■　In the Matter of RALPH SORLEY, Appellant, v. CLERK, THE MAYOR AND THE BOARD OF TRUSTEES OF THE INCORPORATED VILLAGE OF ROCKVILLE CENTRE, Respondents.— In a proceeding pursuant to CPLR article 78 brought to direct respondents as officials of the Incorporated Village of Rockville Centre to produce for petitioner's inspection certain correspondence between the village and the New York State Division of Housing and Community Renewal, to enjoin the Village Clerk from requiring compliance with the rules and regulations adopted by the village on June 28, 1967, relating to inspection of records, and to enjoin the respondent village officials from promulgating further rules for inspection of records, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated July 6, 1967, which dismissed the petition upon the merits. Judgment affirmed, with $10 costs and disbursements. In our opinion, in this mandamus type of proceeding it was properly held that appellant had failed to demonstrate a clear legal right to inspect the urban renewal correspondence and bids he sought to examine. In our view, urban renewal correspondence, data and valuations are not to be deemed public records within the statutory definitions (General Municipal Law, § 51; Village Law, § 82; Public Officers Law, § 66), at least so long as the transactions to which they relate remain inchoate and uncompleted. In the initial stage,

these papers should be treated as confidential communications and items of evidence which, in the public interest, ought not to be disclosed before the transactions in which they are involved are consummated. "It may not be denied that there are papers concerning governmental matters which are properly treated as secret and confidential" (*Matter of Egan*, 205 N. Y. 147, 157). In the case at bar, we would hold that the urban renewal papers sought might be open to public inspection, if it appeared that they related to matters which have been consummated and finalized. As we see it, finalized papers have at that stage lost their initial confidential nature and evidentiary quality and, in the public interest, ought to be available to the examination of the persons prescribed by law. In instances where matters have been completed, the public officers whose acts are reflected in filed papers should "welcome an opportunity to justify their action" (*Matter of Egan, supra*, p. 157). At bar, on the present record, appellant has failed to establish that the urban renewal papers he seeks to examine concern any village urban renewal project that has been completed and, accordingly, no mandamus type of relief was warranted. Appellant also failed to show that the one-hour inspection period prescribed in the village rules and regulations is, in any manner, unreasonable. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.