■ In the Matter of EMIL MURTHA, Appellant, v ANN M. LEONARD et al., Respondents. [620 NYS2d 101] —In a hybrid proceeding pursuant to CPLR article 78 to compel the respondents to grant the petitioner greater access to Village records, and an action for a judgment declaring certain regulations promulgated by the Incorporated Village of Island Park pursuant to the Freedom of Information Law invalid, the appeal is from a judgment of the Supreme Court, Nassau County (Saladino, J.), dated June 16, 1993, which dismissed the proceeding and action.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which dismissed that branch of the petition which was to declare that the respondents' rules and regulations with respect to public access to records are in violation of the Freedom of Information Law, and substituting therefor a provision granting the petition only insofar as it seeks to declare that the respondents' practice of limiting the hours within which public documents can be inspected in the Village Clerk's Office to less than regular business hours of the Village Clerk's Office is violative of the Freedom of Infor-

mation Law, and otherwise dismissing the proceeding and action; as so modified, the judgment is affirmed, without costs or disbursements.

The Supreme Court properly determined that the Freedom of Information Law Rules and Regulations of the Village of Island Park regarding the number of persons who could view public documents at a given time and the use of personal copiers constitute a valid and rational exercise of the Village's authority under Public Officers Law § 87 (1) (b).

However, to the extent that Regulation 6 has been interpreted as permitting the Village Clerk to limit the hours during which public documents can be inspected to a period of time less than the business hours of the Clerk's Office, it is violative of the Freedom of Information Law (see, Public Officers Law § 87 et seq.) and the regulations promulgated thereunder (see, 21 NYCRR 1401.4 [a]). The authority relied upon by the Village in support of its position on this issue (see, Matter of Sorley v Clerk of Rockville Centre, 30 AD2d 822) is of little precedential value, as it was decided prior to the revision of the Freedom of Information Law and to the enactment of 21 NYCRR 1401.4. Sullivan, J. P., Lawrence, Ritter and Joy, JJ., concur.